IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ELMER BOHANON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2576-STA-egb |
| | ) | |
| DEMARCUS NEWBERRY AND | ) | |
| FAMILY DOLLAR, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CLAIMS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On July 13, 2016, Plaintiff Elmer Bohanon, who is currently an inmate at the Shelby County Correction Center in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 18 U.S.C. § 241 and 42 U.S.C. § 1985(3), accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On July 15, 2016, the Court granted Bohanon leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On August 15, 2016, Bohanon filed an Amended Complaint. (ECF No. 6.) The Clerk shall record the Defendants as Demarcus Newberry and Family Dollar, LLC ("Family Dollar").

### BACKGROUND

Bohanon alleges that on October 24, 2015, Newberry accused Bohanon of shoplifting merchandise from a Family Dollar store. (Compl. at 2-3, ECF No. 1.) Specifically, Newberry believed that Bohanon had taken certain Memphis Grizzlies shirts. (*Id.*) According to the police report attached as exhibit 1 to the Amended Complaint, Newberry was the manager of the

Family Dollar store. (ECF No. 6-1 at 3). Newberry detained Bohanon and reported him to the police for shoplifting. (Compl. at 2.) Officers of the Memphis Police Department eventually apprehended Bohanon and placed him under arrest. (*Id* at 3.) According to Newberry, Bohanon had attempted to shoplift $90 worth of Memphis Grizzlies shirts from the Family Dollar store. (*Id.* at 4, *see also* Exhibit A, ECF No. 1-1.) Bohanon alleges that Newberry altered the UPC codes on the items to inflate their value and with the knowledge that Family Dollar does not sell Memphis Grizzlies apparel. (*Id.*) In a subsequent statement given on June 10, 2016, Newberry admitted that Family Dollar does not sell Memphis Grizzlies shirts. (*Id.* at 5, *see also* Exhibit C, ECF No. 1-4.) Bohanon complains that his arrest and incarceration have aggravated pre-existing health conditions and caused him reputational harm. (*Id.* at 6.) Bohanon now seeks an award of compensatory damages, punitive damages, and reasonable attorney's fees. (*Id.* at 7.)

On August 15, 2016, Bohanon filed an Amended Complaint (ECF No. 6). Although the amended pleading does not contain any new allegations, Bohanon has included with the Amended Complaint new exhibits and added a claim under 42 U.S.C. § 1983. (ECF No. 6.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the pleadings standards under Federal Rule of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the pleading requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). District courts are therefore not required "to ferret out the strongest cause of action on behalf of *pro se* litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## ANALYSIS

The Court holds that Bohanon's Complaint and Amended Complaint fail to state any plausible claim for relief. The Court analyzes each of Bohanon's claims in turn.

**I. 18 U.S.C. § 241**

First, Bohanon's Complaint and Amended Complaint plead a cause of action pursuant to 18 U.S.C. § 241. However, 18 U.S.C. § 241 is a federal criminal statute that makes conspiracy a crime against the United States. It is well settled that section 241 does not confer a private right of action on citizens to bring a federal criminal charge or a civil claim for damages. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (no private right to initiate criminal prosecution under § 241); *Kafele v. Frank & Wooldrige Co.*, 108 F. App'x 307 (6th Cir. 2004) (no private right to seek civil damages under § 241); see also *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Whatever Bohanon's theory of the case may be, Bohanon simply has no right to assert a claim under the United States Criminal Code and section 241. Therefore, Bohanon's conspiracy claim under 18 U.S.C. § 241 must be **DISMISSED**.

**II. 42 U.S.C. § 1985(3)**

Bohanon next alleges a cause of action under 42 U.S.C. § 1985(3), which prohibits any conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws." In order to state a claim under § 1985, a plaintiff must allege each of the following elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983); *see also Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003). An essential element of § 1985(3) is "some class-based discriminatory animus behind the conspirators' action." *Ctr. for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir.

4

2007). Bohanon's Complaint alleges none of these elements. The Complaint contains no facts to show that Newberry or Family Dollar conspired against Bohanon or did so with discriminatory purpose to deprive Bohanon of equal protection of the laws. Therefore, the Bohanon's claim under section 1985(3) must be **DISMISSED**.

### III. 42 U.S.C. § 1983

Finally, Bohanon's Amended Complaint mentions 42 U.S.C. § 1983. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court holds that Bohanon has failed to state a section 1983 claim against Newberry or Family Dollar. An essential element of the claim is state action, and neither Newberry nor Family Dollar is a state actor for purposes of section 1983. Generally, one who acts "under color of state law" is a government official or other person employed in state or local government. In some cases, a private party may act under color of state law if the private party "acted together with . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other cases, a private party may be considered a state actor if he or she exercises powers traditionally reserved to the state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345,

352 (1974). But in this case there are no allegations in the pleadings to suggest that Newberry or Family Dollar engaged in "state action." At best, Bohanon alleges that Newberry was a witness to his alleged shoplifting and made a false accusation against Bohanon. "Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law' even if the information provided is false." *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). The Court concludes then that Bohanon has failed to state a section 1983 claim. Therefore, the Complaint's section 1983 claim is **DISMISSED**.

## IV. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). But in this case, the Court concludes that leave to amend is not warranted. Bohannon has no private right of action under 18 U.S.C. § 241. And Bohanon has failed to plead essential elements of his claims under 42 U.S.C. § 1985(3) and § 1983. What is more, Bohanon has already amended his pleadings once. Under the circumstances the Court has no reason to find that Bohanon could cure the defects in his claims by filing yet another amended pleading.

## **CONCLUSION**

The Court **DISMISSES** Bohanon's Complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is **DENIED** because the deficiencies in Bohanon's Complaint and Amended Complaint cannot be cured.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Bohanon in this case would be taken in good faith. The good faith standard is an objective one.

*Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on a defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Bohanon would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Bohanon nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Bohanon is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For purposes of 28 U.S.C. § 1915(g), this is the first dismissal of one of Bohanon's cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED.**

          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          CHIEF UNITED STATES DISTRICT JUDGE

          Date:   February 7, 2018.